1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MOHAMMED FAIZAL ALI,

             Petitioner,

  v.

WARDEN F.E. FIGUEROA,

             Respondent.

_____

)
)
)
)
)
)
)
)
)
)
)
)

No. C 12-2499 LHK (PR)

ORDER GRANTING MOTION TO
DISMISS PETITION; DENYING
CERTIFICATE OF APPEALABILITY


(Docket No. 7)

Petitioner, a state prisoner proceeding *pro se*, sought a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2008 conviction and sentence in the Superior Court of Alameda County. Respondent was ordered to show cause why the writ should not be granted. Respondent has filed a motion to dismiss the petition as untimely. Petitioner has filed an opposition, and Respondent has filed a reply. Petitioner then filed an "objection" to the Respondent's reply, and Respondent countered with a response. Having considered all the papers submitted, the Court GRANTS Respondent's motion to dismiss.

## I.    BACKGROUND

In 2008, Petitioner was convicted of false imprisonment, infliction of corporal injury resulting in traumatic condition, assault with a deadly weapon, and criminal threats, and sentenced to a term of 13 years 4 months in state prison. (Pet. at 2.) On August 11, 2009, the California Court of Appeal affirmed the judgment. (Mot., Ex. 1 App.) On October 14, 2009, the California Supreme Court denied a petition for review. (Mot., Ex. 2.) On May 16, 2012, Petitioner filed the underlying

1   federal petition.

2   **II.      DISCUSSION**

3            The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on

4   April 24, 1996, and imposed for the first time a statute of limitations on petitions for a writ of habeas

5   corpus filed by state prisoners.  Under the AEDPA, petitions filed by prisoners challenging

6   non-capital state convictions or sentences must be filed within one year of the latest of the date on

7   which: (1) the judgment became final after the conclusion of direct review or the time passed for

8   seeking direct review; (2) an impediment to filing an application created by unconstitutional state

9   action was removed, if such action prevented petitioner from filing; (3) the constitutional right

10  asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme

11  Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim

12  could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).  The

13  time during which a properly filed application for state post-conviction or other collateral review is

    pending is excluded from the one-year time limit.  28 U.S.C. § 2244(d)(2).

14           The one-year period generally will run from "the date on which the judgment became final

15  by conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C.

16  § 2244(d)(1)(A).  Here, that date was 90 days after the California Supreme Court denied review.  *See*

17  *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner did not file petition for

18  certiorari, his conviction became final 90 days after the California Supreme Court denied review).

19  Thus, Petitioner's conviction became final on January 12, 2010, and he had until January 12, 2011,

20  to file his federal habeas petition.  *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).

21  Petitioner's federal petition, filed on May 16, 2012, therefore, is untimely.  Thus, the petition is

22  untimely unless Petitioner can establish statutory or equitable tolling.

23           The one-year statute of limitations is tolled under § 2244(d)(2) for the "time during which a

24  properly filed application for State post-conviction or other collateral review with respect to the

    pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  Here, there is no basis for

25  statutory tolling because Petitioner's first state habeas petition was not filed until November 21,

26  2011 (doc. no. 11, Ex. 1), approximately 10 months after the limitations period had already expired.

27  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit

28

1  the reinitiation of the limitations period that has ended before the state petition was filed," even if
2  the state petition was timely filed).

3          Petitioner argues that he is entitled to equitable tolling.  The Supreme Court has determined
4  that Section 2244(d) is subject to equitable tolling in appropriate cases.  *Holland v. Florida*, 130 S.
5  Ct. 2549, 2560 (2010).  "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has
6  been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way
7  and prevented timely filing."  *Id.* at 2562 (internal quotation marks omitted).  The Ninth Circuit has
8  held that the petitioner bears the burden of showing that this "extraordinary exclusion" should apply
9  to him.  *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).  Once a petitioner is notified that
10  his petition is subject to dismissal based on AEDPA's statute of limitations and the record indicates
11  that the petition falls outside the one-year time period, the petitioner bears the burden of
12  demonstrating that the limitation period was sufficiently tolled under statutory or equitable
   principles.  *See Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002).

13          Here, Petitioner argues that he is entitled to equitable tolling because the correctional facility
14  was under a "state of emergency," Petitioner is not educated in the law, and the facility was under
15  constant lock down.  (Doc. No. 8.)  However, Petitioner's exhibits about the lock down and "state of
16  emergency" show that those events occurred after his statute of limitations had already run, and the
17  January 12, 2011, deadline had passed.  Thus, these events – the earliest of which appear to have
18  occurred on October 11, 2011 (*id.*, Ex. 1), could not have "prevented" Petitioner from timely filing
19  his petition.  Moreover, a *pro se* prisoner's lack of legal sophistication is not, by itself, an
20  extraordinary circumstances warranting equitable tolling.  *See Rasberry v. Garcia*, 448 F.3d 1150,
21  1154 (9th Cir. 2006); *cf. Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 909 (9th Cir.
22  1986) (illiteracy of pro se petitioner not sufficient cause to avoid procedural bar); *Cantu-Tzin v.*
23  *Johnson*, 162 F.3d 295, 299-300 (5th Cir. 1998) (*pro se* status during state habeas proceedings did
   not justify equitable tolling).

24          In his "objection" to Respondent's reply, Petitioner argues for the first time that the
25  underlying federal petition should "relate back" to his earlier federal petition, *Ali v. Stolc*, No. 10-
26  2366 LHK (N.D. Cal. filed May 28, 2010).  In that case, on December 6, 2010, the Court granted
27  Respondent's motion to dismiss for lack of exhaustion (Doc. No. 9.)  In that same order, the Court
28

1  explained to Petitioner that he had filed a mixed petition, and thus, he had to inform the Court how

2  he wished to proceed.  The Court explained that Petitioner could either dismiss the unexhausted

3  claims and move forward with only the exhausted claim; dismiss the entire action and return to

4  federal court once he had exhausted all his claims; or move to stay the action while he returned to

5  state court to exhaust his claims.  The Court directed Petitioner to make his election within 30 days

6  or face dismissal of the entire action.  On December 15, 2010, mail sent to Petitioner was returned as

7  undeliverable, with a notation that Petitioner was no longer in custody.  (Doc. No. 10.)  On February

8  17, 2011, the Court dismissed the action without prejudice pursuant to Northern District Local Rule

9  3-11 for failing to notify the Court of a change of address.  (Doc. No. 11.)  Petitioner did not file a

   motion for reconsideration, nor perfect an appeal.

10        Although Petitioner argues that some of the claims[1] in the underlying petition "relate back"

11 to the original claims made in *Ali v. Stolc*, No. 10-2366 LHK, and therefore, should not be

12 considered untimely, Petitioner does not argue that dismissal of the action in *Ali v. Stolc*, No. 10-

13 2366 LHK, was improper.  Because the dismissal of the original petition was proper, the new

14 petition does not relate back.  *See Anthony v. Cambra*, 236 F.3d 568, 574 & n.1 (9th Cir. 2000); *see*

15 *also Dils v. Small*, 260 F.3d 984, 986-87 (9th Cir. 2001) (federal petition does not relate back to

16 earlier petition whose "life . . . has come to an end;" earlier petition had been properly dismissed for

17 failure to exhaust, appeal from the dismissal had been dismissed, and mandate had been spread).

18 *Compare Ford v. Hubbard*, 330 F.3d 1086, 1102 (9th Cir. 2003) (concluding that if original petition

19 was improperly dismissed, petitioner returns to state court to exhaust unexhausted claims, and re-

20 files new petition without unreasonable delay, petitioner may have the new petition "relate back" to

21 original petition), *rev'd on other grounds sub nom. Pliler v. Ford*, 542 U.S. 225 (2004); *Anthony*,

22 236 F.3d at 574 (recognizing that the district court properly exercised its equitable powers to accept

23 petitioner's new petition *nunc pro tunc* to the date of the filing of petitioner's original petition

24 because the district court erroneously dismissed the original petition without giving petitioner an

   opportunity to amend his mixed petition) *with Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000)

25

26        [1] In *Ali v. Stolc*, No. 10-2366 LHK, Petitioner alleged that: (1) there was insufficient
   evidence to convict him of false imprisonment by violence; (2) the trial court failed to properly
27 instruct the jury on the determination of reasonable doubt; and (3) there were various sentencing
   errors.  In the underlying action, *Ali v. Figueroa*, No. 12-2499 LHK, Petitioner raised the same three
28 claims, and added an ineffective assistance of counsel claim.

1    (recognizing that a second habeas petition does not relate back to a first habeas petition when the

2    first petition is properly dismissed); *Henry v. Lungren*, 164 F.3d 1240, 1241 (9th Cir. 1999) (same).

3          Accordingly, the petition must be dismissed as untimely under 28 U.S.C. § 2244(d).

**III.    CONCLUSION**

5          Respondent's motion to dismiss the petition is GRANTED.  The instant petition is

6    DISMISSED. The Clerk shall terminate all pending motions and close the file.

**IV.    CERTIFICATE OF APPEALABILITY**

8          For the reasons set out in the discussion above, Petitioner has not shown "that jurists of

9    reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*

10   *v. McDaniel*, 529 U.S. 473, 484 (2000).  Accordingly, a COA is DENIED.

11          **IT IS SO ORDERED.**

DATED:  ___5/10/13_____

12                                                    _____

                                                     LUCY H. KOH
                                                     United States District Judge